856 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Iman Ali Abdullah AKBAR, Plaintiff-Appellant,
v.
Richard P. SEITER; Dorothy Arn, Defendants-Appellees.
 No. 88-3193.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1988.
 
 Before ENGEL, Chief Judge, and NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff brought this civil rights action under 42 U.S.C. Sec. 1983 against the named corrections officers seeking injunctive and other relief for alleged constitutional deprivations. Specifically, plaintiff claimed he was improperly denied visitation privileges to see his wife (in the Ohio Reformatory for Women) or to send her religious items and that he was illegally reclassified and deprived of good time credits. The district court ultimately entered summary judgment for defendants and this appeal followed. On appeal the parties have briefed the issues, plaintiff proceeding pro se.
 
 
 3
 Upon consideration, we agree with the district court's disposition of this action. Plaintiff failed to establish any deprivation of rights secured by the first or fourteenth amendments by defendants' refusal to permit plaintiff inter-institutional visiting privileges or by their refusal to deliver the religious items to plaintiff's wife. Plaintiff's reclassification claims do not involve constitutionally cognizable liberty or property interests. The claims directed to an improper deprivation of good time credits may only be asserted in an action for federal habeas corpus. For the reasons set forth by the district court, we affirm. Rule 9(b)(5), Rules of the Sixth Circuit.